CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TOMMY WILLIAMS,<br>Plaintiff, | )<br>)<br>) | Civil Action No. 7:11cv00029 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| NEW RIVER VALLEY<br>REGIONAL JAIL, et al.,<br>Defendants. | )<br>)<br>)<br>) | By: Samuel G. Wilson<br>United States District Judge |

Tommy Williams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants verbally harassed him. The court finds that Williams has not stated a claim upon which relief may be granted and therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Williams alleges that defendant Lt. Fleeman verbally harassed him with "discriminatory, derogatory words" which defamed Williams' character. Williams does not allege in his complaint what Lt. Fleeman said or the circumstances surrounding the incident. However, in his grievances to New River Valley Regional Jail, where the alleged verbal harassment occurred, Williams alleges that Lt. Fleeman yelled "at the top of his lungs" to all the inmates in Williams' pod, "[w]hich one of you son of a bitches want to take somebody hostage[?] I feed you mother fuckers, you['re] not on the floor. I let you buy canteen, watch TV. I will take all this shit from you and lock you down." Williams alleges that Lt. Fleeman "continued with the profanity in describing inmates" and Williams listened to Lt. Fleeman "degrade, disrespect, and discriminate [against] everyone." Williams alleges he was "offended by [Lt. Fleeman's] name calling . . . ."

## II.

Williams alleges that Lt. Fleeman verbally harassed him. The court finds that his claim does not rise to the level of a constitutional violation and, therefore, dismisses his complaint.

Under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Verbal harassment or abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983. See Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Johnson v. Laham, 9 F.3d 1543, 1993 WL 469160, at *3 (4th Cir. 1993). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even where it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C. 1990), aff'd 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286, 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973) ("[T]hreatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."); Bibbo v. Mulhern, 621 F. Supp. 1018, 1025 (D. Mass. 1985) (noting that humiliating, denigrating, and frightening verbal abuse may be

actionable as a state tort, but does not state a fourteenth amendment claim); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim.").

Further, to the extent that any of the comments were defamatory they too fail to state an arguable legal basis for relief. See Paul v. Davis, 424 U.S. 693 (1976) (defamatory statements are not cognizable under § 1983). Accordingly, the court finds that Williams has not alleged a claim of constitutional magnitude and, therefore, dismisses his complaint.

### III.

For the reasons stated, the court finds that Williams has not presented any claims on which relief can be granted, and therefore, dismisses his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This 31st day of January, 2011.

United States District Judge